Filed 2/19/26  P. v. Martin CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H053377 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 18CR001249) |
| v. | |
| JAMES ROBERT MARTIN, | |
| Defendant and Appellant. | |

Convicted by plea of forcible sodomy, appellant James Robert Martin was sentenced to 16 years in prison.  On appeal from the postjudgment restitution order, Martin's counsel has filed a brief which states the case but raises no issues, asking this court to conduct an independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We advised Martin of his right to submit written argument on his own behalf within 30 days, and he has not done so.  Finding no arguable issues in our independent review of the record, we will affirm.

**BACKGROUND**

In February 2018, Martin appeared for arraignment, was appointed counsel, and pleaded no contest to forcible sodomy (Pen. Code, § 286, subd. (c)(2)(A)),[1] admitting a prior serious or violent felony "strike" conviction under section 1170.12,

---

[1] Undesignated statutory references are to the Penal Code.

subdivision (c)(1) and waiving his right to appeal his "conviction, the judgment, and any other orders previously issued by this court."

The next month, Martin was sentenced per his agreement with the Monterey County District Attorney to 16 years in prison—the upper term of eight years, doubled due to his prior strike. The trial court also ordered Martin to pay a restitution fine of $4,800 (§ 1202.4, subd. (b)(2)) and direct victim restitution (§ 1202.4, subd. (f)) in an amount to be determined.

Seven years later, in June 2025, Martin appeared for a contested restitution hearing before a different judge of the superior court. The sole disputed issue was the propriety of restitution claimed for the costs of therapy undergone by Doe's mother from 2017 to 2022 and whether the therapy might have been attributable to some other cause not compensable here.[2] Martin's counsel alternatively suggested that the previously imposed restitution fine of $4,800 be commensurately reduced.

Interpreting Martin's commentary on the proceedings as reflecting his wish to "voluntarily" absent himself, the court ordered Martin removed from the courtroom without objection. The court then ordered $3,240 in direct victim restitution—$648 to Jane Doe and $2,592 to Doe's mother. (See Cal. Const., art I, § 28, subd. (e).) The court also declined to reduce the $4,800 restitution fine, reasoning both that it lacked jurisdiction to modify that term of the now-final judgment and alternatively that, "even if [the court] had the discretion to modify the restitution fund fine, [it] would not" choose to do so.

---

[2] Martin was alleged in another case to have threatened Doe's mother, and his counsel noted the absence of a waiver in this case that would satisfy *People v. Harvey* (1979) 25 Cal.3d 754, 758 and permit consideration of that offense in ordering restitution in this case.

## DISCUSSION

Here, Martin appeals only from the postconviction restitution order and not his long-final judgment of conviction. In a different procedural context, the California Supreme Court has held that appeals from a denial of resentencing under Penal Code section 1172.6 are not subject to *Wende* review. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231 (*Delgadillo*).) Our high court reasoned that (1) the entitlement to independent review of the record under *Wende* and *Anders v. California* (1967) 386 U.S. 738 had not been extended beyond a defendant's " 'first appeal as of right' "—during which the Sixth Amendment constitutional right to counsel continues—to an appeal from the denial of postconviction relief under an ameliorative state statutory scheme; and (2) " '[t]here is no unconditional state or federal constitutional right to counsel to pursue collateral relief from a judgment of conviction.' " (*Delgadillo*, at p. 227.) The *Delgadillo* court expressly declined to consider *Wende*'s application to other postconviction contexts, "which may present different considerations." (*Id.* at p. 231, fn. 5.)

Although "restitution hearings are sentencing hearings" at which a defendant does not enjoy the same constitutional protections as in a proceeding to determine guilt (*People v. Giordano* (2007) 42 Cal.4th 644, 662, fn. 6), sentencing hearings are nonetheless considered a "critical stage" of the criminal prosecution (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348). And "[t]he Sixth Amendment right to the assistance of counsel applies at all critical stages of a criminal proceeding." (*People v. Crayton* (2002) 28 Cal.4th 346, 362.) Further, because the notice we provided to Martin specified that we would engage in *Wende* review, we would apply *Wende*'s prophylactic measures even if not strictly required. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 233, fn. 6.)

Having independently reviewed the record under *Wende*, *supra*, 25 Cal.3d 436, we find no arguable issues.

## DISPOSITION

The judgment is affirmed.

3

_____
                   LIE, J.

WE CONCUR:

_____
GREENWOOD, P. J.

_____
CHUNG, J.*

---

     *Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.